FILED

2005 Apr-29  PM 06:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **THE TOWN OF OAKMAN,** | ) | |
| **ALABAMA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action Number |
| **vs.** | ) | **2:05-cv-752-UWC** |
| | ) | |
| **PFIZER, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION ON THE COURT'S JURISDICTION**

The Town of Oakman, Alabama ("Oakman"), filed this lawsuit in Alabama state court

seeking declaratory and injunctive relief.  Specifically, Oakman seeks to enjoin Defendant Pfizer

from selling Sudafed and Actifed.  Both of these over-the-counter medications contain

pseudoephedrine, one of the ingredients required to manufacture the illegal substance

methamphetamine ("Crystal Meth").  Pfizer removed this action based upon diversity

jurisdiction.  However, because Oakman does not seek damages in its complaint, Oakman argues

that this Court lacks diversity jurisdiction and, therefore, this action should be remanded.

When determining whether the federal courts have jurisdiction over a diversity action,

"[i]t is to be presumed that a cause lies outside this [Court's] limited jurisdiction, and the burden

of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian

Life Ins. Co. of Am.*, 511 U.S. 375 (1994).  Pfizer initially argued that this Court has diversity

jurisdiction because the company derives more than $75,000 in profits from the sale of Sudafed and Actifed, thereby satisfying the amount in controversy requirement.  This argument is unavailing because "the costs borne by the defendant in complying with the injunction are irrelevant."  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 n.9 (11th Cir. 2000) (citation omitted).

Rather, when determining whether the amount in controversy requirement is met, "the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted."  *Id*. at 1268 (citation omitted).  Accordingly, Pfizer now argues that the amount in controversy requirement is met because an injunction would save Plaintiff more than $75,000 in costs associated with the investigation and prosecution of crimes relating to Crystal Meth production.  In support of its argument, Pfizer notes that Walker County, where Oakman is located, has been awarded a portion of a $750,000 federal grant to fight Crystal Meth related crime.  Pfizer also relies on a newspaper article which contains a quote from a Walker County law enforcement official who opined that limiting the sale of Sudafed and Actifed would "put an end to small home labs."  (Doc. 6, Am. Notice of Removal at Ex. 1.)

The Court is not persuaded by this "evidence."  To establish diversity jurisdiction, Pfizer "must show that the benefit to be obtained by the injunction is 'sufficiently measurable and certain to satisfy the amount in controversy requirement.'"  *Morrison*, 228 F.3d at 1268 (citation omitted).  While elimination of Sudafed and Actifed from the market in Oakman might have some impact on law enforcement efforts, such an impact, if any, is not "sufficiently measurable and certain to satisfy the amount in controversy requirement."  Indeed, Oakman's costs might

increase or remain substantially the same.  Pseudoephedrine would still be available for sale in

other localities and, therefore, no reduction in costs might be realized.  Similarly, if the number

of small home Crystal Meth labs decreases, criminals might intensify their efforts with respect to

other illegal drugs, thereby effectuating no reduction in costs.  Given these uncertainties, this

Court is not convinced that the benefit of an injunction is sufficiently measurable in this case.

Accordingly, for want of federal jurisdiction, this action must be REMANDED to the

Circuit Court of Walker County, Alabama.

Done this 29th day of April, 2005.

_____
U.W. Clemon
Chief United States District Judge